# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

JIMMY A. DUNN EXCAVATING
COMPANY, a West Virginia corporation,

    Plaintiff,

v.                                           Civil Action No. 2:16-cv-04409

EAGLE PIPELINE, LLC, an
Ohio corporation,

    Defendant.

## ORDER

The above-styled matter was resolved by a consent judgment entered in favor of Plaintiff Jimmy A. Dunn Excavating Company ("Plaintiff") against Defendant Eagle Pipeline, LLC ("Defendant") in the amount of $124,725. (ECF No. 17.) When Defendant failed to make payment on the judgment, Plaintiff applied for a writ of suggestion against nonparty Columbia Pipeline Group Services, LLC ("Columbia"). (ECF No. 19.) The writ was issued on July 17, 2017, but the summons issued by the Clerk was addressed to Defendant instead of to Columbia. (ECF No. 22.) Nonetheless, the writ of suggestion was served on Columbia via the West Virginia Secretary of State on August 9, 2017. (ECF No. 27.) Columbia did not respond to the summons.

Presently before this Court is Plaintiff's Motion to Compel Enforcement of Suggestion Against Columbia Pipeline Group Services, LLC. (ECF No. 34.) Plaintiff argues that Columbia "ignored the Suggestion properly served upon it and instead, connived and conspired to pay monies owed to [Defendant] to third-parties to avoid the liability of [Plaintiff]." (*Id.* at 4.) Columbia contends that it had no obligation to respond to the summons because the summons was not properly addressed. (ECF No. 37 at 2.) Columbia further asserts that it never owed money to

Defendant. (*Id.*) Plaintiff, for its part, acknowledges that the summons was "deficien[t]" but contends that the summons "clearly put [Columbia] on the actual notice that there is a liability." (ECF No. 38 at 4.)

West Virginia law provides that a judgment creditor, like Plaintiff here, may file a suggestion against "a person . . . indebted or liable to [a] judgment debtor" or with "personal property belonging to the judgment debtor" "in [its] possession or control" in order to force the person suggested to satisfy the judgment. W. Va. Code § 38-5-10(a). The clerk of court then issues a summons "against such person . . . requiring such person to answer the suggestion in writing and under oath." *Id.* However, in this case, a summons "against" Columbia was never issued because the summons that was issued commanded Defendant—not Columbia—to respond to it. (ECF No. 22 at 3.) Columbia had no obligation to respond to the summons because it was not properly addressed.

Nonetheless, it appears that Plaintiff bears no fault for the error in issuing the summons. (*Compare* ECF No. 19-3 at 3, *with* ECF No. 22 at 3.) As such, this Court **GRANTS** Plaintiff's Motion to Compel Enforcement of Suggestion Against Columbia Pipeline Group Services, LLC (ECF No. 34) to the extent that it requests an order requiring Columbia to respond to the summons. This Court **DIRECTS** the Clerk to issue a revised summons commanding Columbia to respond in accordance with state law and to return the revised summons to Plaintiff for service on Columbia. This Court further **ORDERS** Columbia to respond to the revised summons as if it were issued on July 17, 2017. Plaintiff's request for fees and costs associated with making the motion is **DENIED**.

Entered: July 1, 2019

Dwane L. Tinsley
United States Magistrate Judge