IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JIMMY A. DUNN EXCAVATING
COMPANY,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:16-cv-04409

EAGLE PIPELINE, LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jimmy A. Dunn Excavating Company ("Jimmy Dunn") brought this action against Defendant Eagle Pipeline, LLC ("Eagle") to recover payment for services Jimmy Dunn rendered on a pipeline construction project in Wayne County, West Virginia.  (ECF No. 1.)   Jimmy Dunn and Eagle consented to the entry of judgment in favor of Jimmy Dunn in the amount of $124,725.00.  (ECF No. 17.)   However, Jimmy Dunn had difficulty executing the judgment against Eagle, and on July 17, 2017, Jimmy Dunn filed a writ of suggestion against non-party Columbia Pipeline Group Services, LLC ("Columbia"), seeking to collect funds that Jimmy Dunn asserts Columbia owes to Eagle.  (ECF No. 22.)[1]

Before this Court is Jimmy Dunn's Motion to Allow for Discovery on Non-Party. (ECF No. 49.)   For the reasons explained more fully herein, the motion is **DENIED**.

---

[1] In an Order entered July 1, 2019, this Court held that the summons for the writ of suggestion was not properly issued to Columbia and ordered it to be re-issued.  (ECF No. 39.)   Columbia was directed to answer the summons as if it were issued on July 17, 2017.  (*Id.*)

I.   BACKGROUND

The writ of suggestion against Columbia and Jimmy Dunn's corresponding motion requesting discovery from Columbia and Poca Valley Bank, Inc. ("PVB") stem from an agreement that Columbia, PVB, and Eagle executed in order to settle claims raised in litigation in the Circuit Court of Wayne County, West Virginia.  (*See* ECF No. 34 at 3–4; ECF No. 50 at 1–2.)  Jimmy Dunn contends that under the terms of the settlement agreement, Columbia paid to PVB funds that it actually owed to Eagle, in a "maneuver" by which Eagle "has attempted to evade legitimate creditors" such as Jimmy Dunn.  (ECF No. 50 at 2.)  Jimmy Dunn seeks to obtain discovery from Columbia and PVB about the arrangement set forth in the settlement agreement and ultimately to enforce the suggestion against Columbia and have Columbia satisfy Jimmy Dunn's judgment against Eagle.  (ECF No. 50 at 3; ECF No. 53 at 2.)

Jimmy Dunn filed its Motion to Allow for Discovery on Non-Party on November 12, 2019.  (ECF No. 49.)  Columbia timely responded (ECF No. 52), and Jimmy Dunn filed a reply (ECF No. 54).  Columbia then filed a sur-reply in order to respond to the specific categories of discovery identified in Jimmy Dunn's reply.  (ECF No. 54.)[2]  As such, Jimmy Dunn's motion is fully briefed and ready for resolution.

II.   LEGAL STANDARDS

A. *Post-Judgment Discovery*

"In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).  That is, a judgment creditor may utilize Federal Rule of Civil

---

2 Columbia's motion to file a sur-reply (ECF No. 54) is **GRANTED**.

Procedure 45(a) to issue a subpoena to a non-party where doing so would benefit its efforts to collect on a judgment. *Voit Techs., LLC v. Del-Ton, Inc.*, No. 5:17-cv-259-BO, 2019 WL 3423468, at *1 (E.D.N.C. July 29, 2019) (citing *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005)). The discovery "should be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012); *see H.D. Smith Wholesale Drug Co. v. Med. Assocs. Pharmacy, Inc.*, No. 3:10-cv-00862, 2012 WL 13024397, at *1 (S.D.W. Va. June 19, 2012) ("[T]he judgment creditor 'must be given the freedom to make broad inquiry to discover hidden or concealed assets of the judgment debtor.' (quoting *Caisson Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974))).

B. *Discovery from Non-Parties*

In the most general sense, "[a]ll civil discovery, whether sought from parties or nonparties, is limited in scope by [Federal Rule of Civil Procedure] 26(b)(1)." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). Rule 26(b)(1) instructs that discovery must be both "relevant to any party's claim or defense and proportional to the needs of the case." *See Jordan*, 921 F.3d at 188–89. "When discovery is sought from nonparties, however, its scope must be limited even more." *Id.* at 189. That is, this Court must apply "[a] more demanding variant of the proportionality analysis" when evaluating whether discovery is appropriately sought from a non-party. *Id.*[3]

---

[3] The undersigned recognizes that *Jordan* expressly applied its analysis to a motion to quash a subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3). *See* 921 F.3d at 185, 189. Instead of issuing a post-judgment subpoena pursuant to Federal Rule of Civil Procedure 69(a)(2), Jimmy Dunn has requested this Court's permission to do so, and Columbia has objected—thus presenting the same arguments that would be before this Court if Columbia had filed a motion to quash the subpoena. Accordingly, *Jordan* provides useful guidance with respect to whether Jimmy Dunn may conduct further discovery.

"[T]he ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Id.* When assessing the benefit to the requesting party, this Court should consider "the relevance of [the] information sought," "the requesting party's need for it," and "what information is available to the requesting party from other sources." *Id.* And when addressing the potential burden to the responding party, this Court should account for the "costs associated with a . . . document production," any "privacy or confidentiality interests" of the responding party and "others who might be affected" by the production, and the extent to which the requested discovery "seeks information beyond what the requesting party reasonably requires." *Id*. at 189–90. "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 612 (D.S.C. 2016) (quoting *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013)); *see Jordan*, 921 F.3d at 189 n.2.

### III. DISCUSSION

Jimmy Dunn's requested discovery targets the substantial payment Columbia was required to make to PVB under the terms of the settlement agreement. (*See* ECF No. 50 at 3; ECF No. 53 at 2.) Specifically, Jimmy Dunn seeks "to depose employees and/or representatives of [PVB] and [Columbia] . . . to determine the full scope of the agreement among [Eagle], Columbia, and [PVB], and whether there was a contractual relationship among the three; why payment was made by Columbia directly to [PVB]; what other, if any, payments were made or intended to be made; and why, and whether there is a possible claim between [Jimmy Dunn] and [Columbia and PVB]." (ECF No. 50 at 3.) Jimmy Dunn later clarified the scope of its requested discovery as follows:

1. What invoices were submitted by Eagle to Columbia;

2. What payments were made by Columbia to Eagle;

3. On what basis did Columbia owe [PVB];

4. What payments were made by Columbia to [PVB];

5. What releases were given by [PVB] to Eagle or its owners in exchange for payments made by Columbia to [PVB];

6. What Columbia did with the Suggestion when it received the same;

7. Internal memos of Columbia regarding the Suggestion; [and]

8. At settlement, how was Eagle to pay [Jimmy Dunn.]

(ECF No. 53 at 2.) Jimmy Dunn appears to imply that Eagle orchestrated a convoluted scheme to avoid paying the judgment in this case by instructing Columbia to satisfy in its place a debt that Eagle owed to PVB. (*See* ECF No. 50 at 1–2.)

However, the settlement agreement on which Jimmy Dunn bases this premise—a copy of which Jimmy Dunn already possesses—indicates that Jimmy Dunn's theory is speculative and largely unfounded. The settlement agreement reflects that Columbia engaged Eagle to serve as the general contractor on a pipeline construction project but later terminated the contract, causing Eagle to file a mechanic's lien against Columbia for unpaid invoices. It further reflects that when several subcontractors sued Eagle and Columbia in the Circuit Court of Wayne County, West Virginia, Eagle and Columbia asserted claims against each other, and in February 2017, PVB intervened in the action and alleged claims against Eagle and Columbia pursuant to a contract under which Eagle purportedly sold to PVB the invoices Eagle had issued to Columbia. As such, accepting the facts as they are set out in the settlement agreement—which, again, is the sole claimed justification for Jimmy Dunn's request for discovery from Columbia and PVB—at the time Jimmy Dunn filed the writ of suggestion against Columbia on July 17, 2017 (ECF No. 22;

*see* ECF No. 40), Eagle had no right to payment from Columbia because it had previously assigned that right to PVB. *See* W. Va. Code § 46-9-318(a) ("A debtor that has sold an account . . . does not retain a legal or equitable interest in the collateral sold."). The amount Columbia paid to PVB under the settlement agreement's terms therefore appears to have been legitimately owed to PVB, not to Eagle.

Jimmy Dunn is entitled to seek discovery to assist in its collection of the judgment against Eagle, but as Columbia points out (ECF No. 52 at 2–3), much of the requested discovery is better sought from Eagle—which is a party to this action—or its principals. For instance, Eagle could, just as easily as Columbia, provide information to Jimmy Dunn about the "invoices . . . submitted by Eagle to Columbia" and the "payments . . . made by Columbia to Eagle." (ECF No. 53 at 2.) Eagle also likely knows "[w]hat releases were given by [PVB] to Eagle or its owners in exchange for payments made by Columbia to [PVB]." (*Id.*) And most importantly, Eagle is the only entity that would be able to provide Jimmy Dunn with information about how it planned to pay Jimmy Dunn at the time the settlement agreement was executed. (*Id.*) The judgment in this case was identified in the settlement agreement as one of Eagle's unpaid claims, but there are no provisions in the contract as to how those claims were to be satisfied. Columbia represents that Eagle remained responsible for paying its subcontractors. (ECF No. 52 at 2.) It is unclear why Jimmy Dunn believes that Columbia or PVB would have some understanding of why Eagle failed to do so.

In sum, although Rule 69(a)(2) permits a judgment creditor to obtain post-judgment discovery from a non-party, it is not appropriate at this juncture for Jimmy Dunn to seek discovery from Columbia or PVB where it has not first sought discovery

from Eagle.[4]  "[T]hird parties can . . . be subjected to discovery pursuant to Rule 69(a)(2) as long as the judgment creditor provides 'some showing of the relationship that exists between the judgment debtor and the third party from which the court . . . can determine whether the [discovery] has a basis.'"  *Cent. States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, No. 1:06-cv-01205, 2009 WL 3255246, at *3 (N.D. Ill. Oct. 6, 2009) (quoting *Caisson Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 335 (E.D. Pa. 1974)).  But Rule 69(a)(2) must be read against the backdrop of the general rules applicable to discovery against non-parties, which instruct that this Court "must give the . . . nonparty status [of a subpoena's recipient] 'special weight.'"  *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019).  Under the circumstances of this case as they presently exist, the burden of the requested discovery on Columbia and PVB outweighs the benefit to Jimmy Dunn.

Most importantly, as the undersigned has already discussed, much of the information Jimmy Dunn requests is best obtained directly from Eagle, and Jimmy Dunn has not represented that it is unable to seek discovery from Eagle or its principals.  "[T]he requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation—or, in appropriate cases, from other third parties that would be more logical targets for the subpoena."  *Id.*  Jimmy Dunn has not attempted to do so here, nor has it responded to Columbia's argument that Eagle is the proper object of post-judgment discovery in this case.  (*See* ECF Nos. 50, 53.)

---

4 The docket in this case reflects that on October 2, 2018, Jimmy Dunn filed a notice of its intent to depose Eagle pursuant to Federal Rule of Civil Procedure 30(b)(6) (ECF No. 30), but there is no indication that the deposition ever took place.

Further, Jimmy Dunn has not adequately demonstrated its need for the requested discovery from Columbia and PVB, given that Jimmy Dunn possesses the settlement agreement setting out their arrangement. "[T]he information [sought] must offer some value over and above what the requesting party already has . . . ." *Jordan*, 921 F.3d at 189. As Columbia points out (ECF No. 52 at 5), it has provided a copy of the settlement agreement to Jimmy Dunn, in addition to stating that it paid PVB in order to settle claims that PVB made against it and that Eagle remained obligated to pay Jimmy Dunn and its other subcontractors under the settlement agreement's terms. In other words, Columbia has already explained "[o]n what basis [it] owe[d] [PVB]" and "[w]hat payments were made by Columbia to [PVB]." (ECF No. 53 at 2.) It is unlikely that Columbia will change its tune simply because it would face a subpoena from Jimmy Dunn for the same information.

Finally, the requested discovery is not tailored to uncovering Eagle's assets, as Jimmy Dunn admittedly seeks information about "whether there is a possible claim between [it] and [Columbia and PVB]." (ECF No. 50 at 3.) Jimmy Dunn seems to assert that Columbia and PVB acted in bad faith by entering into the settlement agreement while the judgment in this case remained unpaid (*see* ECF No. 53 at 1), but its argument ignores the obvious fact that it obtained a judgment against Eagle, not against Columbia or PVB (ECF No. 17). For that reason, "[w]hat Columbia did with the Suggestion when it received the same" and "[i]nternal memos of Columbia regarding the Suggestion" are simply not relevant. (ECF No. 53 at 2.) A non-party subpoena imposes an impermissible burden "when it seeks information beyond what the requesting party reasonably requires." *Jordan*, 921 F.3d at 190. Without more evidence—from Eagle—

8

that it orchestrated the payment from Columbia to PVB in order to sidestep the judgment in this case, there is no reason for Jimmy Dunn to inquire further into that payment.

To be clear, nothing in this Memorandum Opinion and Order prohibits Jimmy Dunn from seeking discovery about these issues from Eagle and its principals. If that discovery substantiates the theory that Jimmy Dunn has advanced, it may seek discovery from Columbia and PVB—subject, of course, to a potential motion to quash, which this Court will address if the situation materializes.

## IV. CONCLUSION

For the foregoing reasons, Jimmy Dunn's Motion to Allow for Discovery on Non-Party (ECF No. 49) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 15, 2020

Dwane L. Tinsley
United States Magistrate Judge